IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GREGORY JONES,**

    **Petitioner,**

v.                                       Civil Action No. 1:04CV203
                                              (Judge Broadwater)

**KEVIN WENDT, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION/OPINION

### I.  INTRODUCTION

On September 14, 2004, the *pro se* petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 in which he asserts the United States Parole Commission ["Commission"] acted arbitrarily and capriciously in ordering reparole after 30 months imprisonment. By Order entered on October 13, 2004, the respondent was directed to answer the petition. On November 19, 2004, the respondent filed a response. On December 2, 2004, the petitioner filed a Traverse to Respondent's Return Pursuant to 28 U.S.C. §2248. Thus, this matter has been fully briefed.

Therefore, this matter, which is pending before me for Report and Recommendation pursuant to LR PL P 83.09, is ripe for review.

### II.  FACTS

The petitioner was convicted in the Superior Court of the District of Columbia of possession with the intent to distribute cocaine. On February 8, 2000, he was sentenced to 2-10 years

imprisonment.[1]   On July 8, 2002, the petitioner was paroled.

On May 15, 2003, the Commission issued a parole violator warrant. The petitioner was originally charged with the following:  (1)  use of dangerous and habit forming drugs and (2) failure to report contact with law enforcement.  On June 10, 2003, the Commission added a third charge of driving on a suspended operator's license with three priors and disregarding a red light.[2]

On June 5, 2003, the U.S. Marshals Service executed the parole violator warrant.  On June 25, 2003, a preliminary review was conducted and the petitioner admitted all of the charges.  The individual who conducted the preliminary review recommended that probable cause be found on all of the charges and that the petitioner be sentenced to a period of incarceration.

Subsequently, on July 21, 2003, the Commission received information that the petitioner was arrested on April 10, 2003, for distribution of cocaine, possession with intent to distribute cocaine, and possession with intent to distribute heroin.  Also, on July 22, 2003, the Commission added the charge of Distribution of Cocaine, Possession with Intent to Distribute Cocaine, and Possession with Intent to Distribute Heroin. On July 22, 2003, the Commission notified the petitioner that it found probable cause to believe that he had violated the conditions of his parole based on his admission of charges 1-3 and ordered a hearing to determine whether the petitioner's parole should be revoked.

On November 4, 2003, the Commission conducted the parole revocation hearing.  During the hearing, the petitioner's probation officer and a detective from the Richmond, Virginia, Police Department testified.  At the hearing, the petitioner admitted all the charges except the drug

---

[1] His sentence was to expire on April 17, 2009.

[2] The petitioner was convicted in Virginia state court for the traffic offense and received a 12 month sentence with 11 months suspended.

distribution charges. He stated that while he was in the car when the confidential source purchased the drugs, he did not make the crack cocaine sale. He further asserts that the money taken from him was not identified as part of the $600.00 in pre-recorded funds used by the confidential source to buy the drugs.

The detective testified that a confidential source arranged a drug purchase "with the intended target." The "intended target" arrived at the meeting place in a car. The confidential source gave $600 in pre-marked money to the driver of the car and the driver and a passenger gave the confidential informant 4.6 grams of crack cocaine. After the car drove away, police observed a package being thrown out of the passenger window. The package was recovered and found to contain heroin and cocaine. The police conducted a traffic stop of the car and recovered the $600 in pre-marked money and a gun from the car. The petitioner was driving the car when the car was stopped. The detective stated that he did not observe the transaction and that he relied on the statements of the confidential informant that he gave the money to the driver of the car. The money obtained from the petitioner was not pre-marked. All of the pre-marked money was found in the front passenger door.

The detective stated that the charges against the petitioner were nolle prossed because the Government did not want to utilize the confidential information in court proceedings against the petitioner, and because the petitioner was willing to cooperate with the Government and testify against his co-defendants and provide information regarding other drug investigations.

The hearing examiner determined that there was sufficient evidence to make a finding on the distribution of crack cocaine charge. However, the hearing examiner made no finding on the related charges of possession with the intent to distribute cocaine and possession with the intent to distribute

heroin because the petitioner was believed to be the driver of the car and the drugs were thrown out the passenger window. Thus, it was "more likely than not that it was one of the other individuals seated on the passenger side of the car that threw the drugs out the window."

On November 19, 2003, the Commission issued its decision to revoke the petitioner's parole. Based on the sale of crack cocaine, the Commission set the reparole guideline range at 26-34 months. The Commission gave the petitioner a reparole date of December 5, 2005 after the service of 30 months.

### III. PETITIONER'S CONTENTIONS

The petitioner does not challenge his parole being revoked for charges 1-3, but he does challenge his parole being revoked for distribution of crack cocaine, because he has been "subjected to a 30 month set-off." He asserts that the Commission's findings that he distributed crack cocaine is not supported by the evidence presented to the commissioner and his "set off/repaorle guideline range should be reduced 'less the category four offense severity rating' in light of the inconsistent conclusion reached where the crack cocaine is concerned."

### IV. ANALYSIS

As properly noted by the respondent, the petitioner is not challenging the Commission's decision to revoke his parole. Instead, the petitioner challenges the Commission's use of his involvement in the distribution of crack cocaine to calculate his reparole guidelines. According to the petitioner, the Commission's guilty finding on the cocaine distribution charge was unsupported by the evidence thus, violating his due process rights.

A parolee has a liberty interest which is protected by the due process cause. Morrissey v. Brewer, 408 U.S. 471, 488-89 (1972). However, when the petitioner's parole is revoked he has no

further liberty interest protected by the due process clause. See Sparks v. Gaines, 144 F. Supp. 2d 9, 15 (D.D.C. 2001).

In the instant case, because the petitioner did not contest his parole being revoked on charges 1-3, he no longer had a liberty interest which was protected by the due process clause.

Moreover, a Court cannot review the discretionary decision of the Commission to revoke parole under an abuse of discretion standard. Garcia v. Neagle. 660 F. 2d 983, 989 (4th Cir. 1981). Further, parole decisions are not "subject to arbitrary and capricious or abuse of discretion review under the provisions of the Administrative Procedure Act, 5 U.S.C. § 701(a)(2)." Page v. Pearson, 261 F.Supp.2d 528, 530 (E.D.Va.. 2003). However, a district court may review the Commission's decision to determine whether it violates constitutional, statutory, regulatory or other restrictions. Id. See also, Gruber v. United States Parole Commission, 792 F. Supp. 42 (N.D. W.Va. 1992).

Thus, while the Court cannot review the petitioner's claim that the decision of the Commission was arbitrary and capricious, the Court can determine whether the Commission complied with the applicable statute and rule.

The petitioner does not allege that the Commission did not comply with the applicable statute and rule and instead wants the court to re-examine the merits of his case which the court is precluded from doing under Garcia.

## V. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be DENIED and DISMISSED WITH PREJUDICE because his claim is without merit.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the

5

Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation/Opinion to the *pro se* petitioner.

DATED: August 22, 2005

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE